UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JONATHAN LOTT,

    Petitioner,

v.

CRAIGE KOENIG,

    Respondent.

Case No. 21-cv-08128-HSG

**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY**

Petitioner, an inmate housed at California Training Facility – Central in Soledad, California, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner's request to proceed *in forma pauperis* is GRANTED. Dkt. No. 2.

## DISCUSSION

### A. Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B. Petitioner's Claims

Petitioner was convicted on March 1, 2001 of possession of a firearm with prior convictions in Los Angeles Superior Court. Dkt. No. 1 at 1. He was sentenced to a term of 26

years to life. Dkt. No. 1 at 1. Petitioner argues that his controlling offense is possession of a firearm, making him a non-violent offender, and therefore eligible for a parole hearing pursuant to Proposition 57. He alleges that his due process rights were denied when he was denied eligibility for early parole consideration pursuant to Proposition 57 based on the state's "untrue statements" that Petitioner is currently incarcerated pursuant to a reinstated life sentence for a prior conviction of attempted premediated murder, and that the state's arguments ignore the relevant state laws and the abstract of judgment. He seeks a declaration from this court that he is a non-violent offender and eligible for early parole consideration pursuant to Proposition 57. Dkt. No. 1 at 4, 7-11. For the reasons set forth below, this petition for a writ of habeas corpus is DENIED for lack of habeas jurisdiction.

**C.      Dismissal**

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see Calderon v. Ashmus*, 523 U.S. 740, 747 (1998). Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" *Skinner*, 561 U.S. at 533-34 (quoting *Wilkinson*, 544 U.S. at 82). The Ninth Circuit clarified that if the claim "does not lie at the 'core of habeas corpus,' it may not be brought in habeas" and may only be brought under 42 U.S.C. § 1983. *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (quoting *Preiser*, 411 U.S. at 487); *see also Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence").

Here, habeas jurisdiction is lacking because success on Petitioner's claim would not shorten or end his sentence. Eligibility for a parole hearing pursuant to Proposition 57 would only

2

ensure Petitioner a parole hearing; it would not require Petitioner's immediate release from prison. Petitioner must still be found suitable for parole before he may be released from prison. Because Petitioner's claim falls outside the core of habeas corpus, his only potential recourse in federal court is to file a § 1983 complaint. *See, e.g., Skinner*, 561 U.S. at 533-34.

The Court DISMISSES this petition for a writ of habeas corpus for lack of federal habeas jurisdiction. The dismissal is without prejudice to Petitioner filing a new civil rights action asserting his challenge to the denial of a parole hearing pursuant to Proposition 57, if he believes that such denial violates either the United States Constitution or federal law.

## CERTIFICATE OF APPEALABILITY

The Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the reasons set forth above, the petition for writ of habeas corpus is DISMISSED, and a certificate of appealability is DENIED. The dismissal is without prejudice to Petitioner filing a new civil rights action challenging the denial of a parole hearing pursuant to Proposition 57. The Clerk shall send Petitioner two copies of the civil rights complaint form and close the file.

**IT IS SO ORDERED.**

Dated: 2/11/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge